*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-09-00700-CR

**IN RE** Jason **MIEARS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  November 18, 2009

PETITION FOR WRIT OF QUO WARRANTO DISMISSED FOR LACK OF JURISDICTION

On October 29, 2009, relator Jason Miears filed a petition for writ of quo warranto, asking this court to issue a writ of quo warranto directing District Attorney Susan Reed to show why she has existing authority over his criminal case due to her failure "to uphold the standards of ethics provided by attorneys that are required by oath to be able to practice law."

Quo warranto may be used by the State, acting through the attorney general or a district or county attorney, to challenge the right of a public official or corporate officer to hold office. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 66.001-.002 (Vernon 2008). The petition must state that the information is sought in the name of the State of Texas. *Id.* § 66.002(b). Accordingly, relator

---

[1] This proceeding arises out of Cause No. 2009-CR-6566, styled *State of Texas v. Jason Miears,* in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

has no standing to bring an action in the nature of quo warranto in his own name. Furthermore, while quo warranto may be used to challenge the right of an officer or official to hold office, it may not be used to challenge the legality of their action when in office. *See Newsom v. State*, 922 S.W.2d 274, 278 (Tex. App.—Austin 1996, writ denied). Thus, relator cannot challenge the District Attorney's actions through a writ of quo warranto. Finally, our writ power is limited to issuing writs of mandamus and all other writs necessary to enforce our jurisdiction, which does not include a writ of quo warranto. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004).

Based on the foregoing, we dismiss relator's petition for writ of quo warranto for lack of jurisdiction. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH